UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY | : | CIVIL ACTION NO. 302CV1566 (MRK) |
| Plaintiff | : | |
| VS. | : | |
| PHILIP L. CAOUETTE; and KIMBERLY CAOUETTE, | : | |
| Defendants | : | DECEMBER 10, 2003 |

### LOCAL RULE 56 (a) (1) STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 (a) (1) of the Rules of the United States District Court for the District of Connecticut, the plaintiff submits this Statement of Material Facts in support of the plaintiff's Motion for Summary Judgment dated December 10, 2003. The plaintiff contends that the following facts are undisputed:

1. On or about October 9, 1998, the defendant, Philip L. Caouette, was involved in a two-vehicle collision in Enfield, Connecticut (hereinafter referred to as the "Accident"). (Exhibit 1, Complaint, 9/04/02, ¶6; Exhibit 2, Answer and Special Defenses, 1/3/03, ¶6).

2. Prior to the Accident, the defendants were residents of the State of Minnesota. (Exhibit 1, ¶ 8; Exhibit 2, ¶8).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

3. Prior to the Accident, the plaintiff, American National Property and Casualty Company (hereinafter referred to as "ANPAC") issued to the defendants an automobile liability insurance policy bearing policy number 22-A-J21-113-5 (hereinafter referred to as the "Policy") which went into effect on or about August 1, 1997 and which was renewed effective August 1, 1998. (Exhibit 1, ¶ 9, Exhibit 2, ¶9; Exhibit 3, certified copy of the Policy).

4. The Policy was negotiated and issued in Minnesota, on behalf of the defendants who were then residents of Minnesota. (Exhibit 3; Exhibit 4, Minnesota Department of Public Safety notice).

5. The vehicle involved in the Accident was listed in the Policy's Declarations and was registered in and garaged in Minnesota. (Exhibit 3; Exhibit 4).

6. On or about the end of August and early part of September 1998, the defendants moved to Connecticut. (Exhibit 5, transcript of the deposition of Kimberly Caouette, 8/28/2003, pages 25-28).

7. On or before October 9, 1998, prior to the Accident, the defendant, Kimberly Caouette, a policyholder named in the Policy's Declarations, forwarded a document to ANPAC containing a hand-written and signed notation instructing ANPAC to cancel coverage under the Policy effective October 6, 1998 (hereinafter referred to as the "Cancellation Notice"). (Exhibit 6).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

8. At the time that ANPAC received notice of the Accident, on October 10, 1998, it had not the Cancellation Notice or posted a notification on its computer system that the Policy was cancelled effective October 6, 1998. The claims department, therefore, accepted the claim and, thereafter, it paid the Policy's $20,000.00 limit of Personal Injury Protection benefits. (Exhibit 7).

9. There is no record indicating that the defendant, Kimberly Caouette, ever attempted to rescind the Cancellation Notice. (Exhibit 8, transcript of the deposition of Kirby McKenzie, 10/14/03, pages 41-42; Exhibit 9, underwriting log).

10. On October 12, 1998, ANPAC issued a premium refund check to the defendants in the amount of $85.00 representing the premium ANPAC did not earn because the defendants cancelled the Policy effective October 6, 1998. (Exhibit 10).

11. The premium refund check was endorsed by both defendants on or about October 29, 1998. (Exhibit 10).

12. More than a year after the Accident, on October 15, 1999, ANPAC was informed, for the first time, that the defendants were asserting a possible underinsured motorist claim. (Exhibit 11).

13. Shortly after reporting the Accident to ANPAC, the defendants were notified by Allstate Insurance Company that their new automobile

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

insurance policy was not effective until October 16, 1998. (Exhibit 12; Exhibit 13).

14. The Cancellation Notice is explicit and unconditional and requests cancellation as of a date certain. Namely, October 6, 1998. (Exhibit 14, transcript of the deposition of Kimberly Caouette, 8/28/03, pages 33-42; Exhibit 15, transcript of the deposition of Philip Caouette, 8/28/03 pages 27-34).

15. Kimberly Caouette initially wrote the number "9" on the Cancellation Notice signifying the month of September, then wrote a "10" over that number, signifying the month of October. (Exhibit 14; Exhibit 15).

16. There is no evidence indicating the precise dates when the Cancellation Notice was drafted or mailed by the defendants or received by ANPAC. (Exhibit 14, Exhibit 15, Exhibit 16, transcript of the deposition of Kirby McKenzie, 10/14/03, page 23-26).

17. Philip Caouette had no direct dealings with insurance agents in the Fall of 1998, but he approved of his wife's decisions with respect to insurance matters. (Exhibit 17, transcript of the deposition of Philip Caouette, 8/28/03 pages 21-24).

18. In October, 1998, ANPAC logged all calls it received from its insureds, no matter how big or small the insured's problem or requests were, in an underwriting log. (Exhibit 8).

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

19. The underwriting log for the Policy, which was permanently stored on microfilm in May, 1999, does not contain any record of any telephone call from either defendant in 1998 concerning any underwriting issue. (Exhibit 9).

20. Kimberly Caouette has no specific recollection concerning any telephone call she made to ANPAC prior to the Accident during the period between October 6, 1998 and October 9, 1998, and she does not know what date or day she made the alleged call, what time of day she made the call or even whether the ANPAC representative with whom she spoke was a male or female. (Exhibit 14).

21. The defendants never contacted ANPAC in writing concerning any alleged erroneous notations on the Cancellation Notice. (Exhibit 14; Exhibit 15).

22. Although the precise date ANPAC received the Cancellation Notice is unknown, ANPAC received the Cancellation Notice on or before October 11, 1998. The defendants mailed the Cancellation Notice to the accounting department, which does not process policy cancellations, rather than to the underwriting department, which does handle such cancellations. (Exhibit 18, transcript of the deposition of Kirby McKenzie, 10/14/03, pages 8-14).

23. The underwriting department cancelled the Policy on October 11, 1998 and, based upon ANPAC's way of doing business, the Policy cancellation

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

was entered into its computer system overnight prior to the next business day, October 12, 1998, which is the date listed in the Policy's history as the date the cancellation was processed. (Exhibit 14, Exhibit 19, transcript of the deposition of Kirby McKenzie, 10/14/03, pages 31-32).

24. On or about October 12, 1998, ANPAC notified the Minnesota Department of Public Safety that the Policy was terminated effective October 6, 1998. The Minnesota Department of Public Safety received that notification on October 13, 1998 and, on October 22, 1998, it forwarded the notification to the defendants at the same address to which ANPAC mailed the defendants' premium refund check. (Exhibit 4).

25. The Policy defines the word "you" to mean Philip and Kimberly Caouette and his or her spouse. The Policy allows "you," meaning either Philip or Kimberly Caouette, to cancel the Policy. (Exhibit 3).

26. It was ANPAC's routine business practice in October, 1998 to process cancellation requests that were backdated less than thirty days, without requiring documentation concerning alternative insurance. (Exhibit 18).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

THE PLAINTIFF,
AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY

By _____
Stephen H. Broer of
HALLORAN & SAGE LLP
Fed. Bar #ct21637
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103

## CERTIFICATION

This is to certify that on this 10th day of December 2003, I hereby mailed a copy of the foregoing to:

David S. Rintoul
Brown Paindiris & Scott LLP
Fed. Bar #ct08456
2252 Main Street
Glastonbury, CT 06033
(860) 659-0700

_____
Stephen H. Broer

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105